**Pat J. BOMBARD, Plaintiff**

v.

**GENERAL MOTORS CORPORATION, Defendant,**

**No. 00–CV–669.**

United States District Court,
N.D. New York.

Dec. 18, 2002.

Romeo & Romeo, Syracuse, NY (Robert Romeo, Esq., Of Counsel), for Plaintiff.

Thorn, Gershon, Tymann and Bonanni, Albany, NY (Nancy Nicholson Bogan, Esq., Of Counsel), for Defendant.

MUNSON, Senior District Judge.

## Background

About 10:15 am on February 25, 1996, plaintiff was operating his 1995 Chevrolet Blazer motor vehicle ("Blazer") in an easterly direction on Route 20 in the Town of Skaneateles, Onondaga County, New York. He was returning from an errand and was accompanied by his son. Plaintiff was traveling at approximately 55 miles per hour as he neared the intersection of Route 20 and Country Line Road. Simultaneously, a southbound milk tanker truck ("truck") on Country Line Road being driven by James Marshall, also arrived at the intersection. When plaintiff saw that the Marshall truck failed to halt the intersection stop sign, he slowed the Blazer and steered to the left. The driver's side front section of the Blazer impacted the right, rear, dual wheels of the milk tanker truck knocking the truck over on its side. The collision heavily damaged the Blazer and perpetrated fractures of the right femur, pelvis and rib cage and a forehead laceration to the plaintiff.

In this product liability action, plaintiff alleges that a defect existed in the Blazer's antilock breaking switch ("ABS") which resulted in a higher impact speed with the truck and that this increased speed caused his personal injuries to be more severe than they would have been had the ABS not been defective.

## Discussion

■ Currently before the court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for an order precluding the testimony of plaintiff's expert's witness. Pursuant to Rule 7.1(b)(1), of the Rules of Local Practice for the United States District Court for the Northern District of New York ("Local Rule"), defendant served this motion and supporting documents upon plaintiff on April 1, 2002. Therefore, pursuant to internal court management procedures, the motion is considered filed as of April 1, 2002. Under Local

Rule 7.1(b)(1)(B), opposition papers must be served upon the moving party within twenty-one days from the date of service of the motion papers. On April 30, 2002, defendant transmitted the motion to the court for filing, and advised in its accompanying cover letter that no opposition papers had been received from the plaintiff.

On May 1, 2002, a scheduling notice was served on the parties setting a motion return date of June 14, 2002. The notice contained a notice to plaintiff's attorney about the consequences of failing to respond to a summary judgment motion, and advising that a written request must be filed to make a response outside of the time limits. No written request to make a response outside the time limits was made by plaintiff.

In the instant case, defendant filed a Statement of Material Facts not in dispute, as required by Local Rules, in addition to three affidavits and a Memorandum of Law. Plaintiff did not respond to defendant's motion by the date required by the Local Rules. This failure in and of itself is sufficient to deem as consent to the granting of the motion. However, plaintiff finally filed a response on May 22, 2002.

The response consisted of plaintiff's attorney's affidavit unsupported by a memorandum of law, plaintiff's expert's affidavit without the qualification of expert witness documentation required by Rule 26(a)(2)(b) of the Fed.R.Civ.P., and plaintiff's affidavit theorizing that defendant was somehow responsible for the removal and concealment of the ABS switch, vital piece of evidence, from the wrecked Blazer while it was in defendant's possession. Plaintiff's response also failed to include a Statement of Material Facts in opposition to defendant's Statement of Material Facts.

Local Rule 7.1(a)(1) requires that a Memorandum of Law be submitted with opposition to all motions. Moreover, Local

Rule 7.1(a)(3) necessitates that a summary judgment motion must be supported with a statement setting forth the material facts that the moving party contends are not at issue. An opposing party must file a response to the movant's Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation in the record where the factual issue arises. Failure to file a response constitutes an admission of the movant's asserted non-disputed facts. *Id.* Additionally, failure to oppose a motion is deemed consent to the granting of the motion. Local Rule 7.1(b)(3).

While the court recognizes that plaintiff's attorney chose a state forum for presentation of this case prior to its removal to federal court, the consequences for failure to follow the Local Rules of the Northern District of New York are clear in these circumstances.

This District's Local Rules requirements are not empty formalities. Local Rules such as 7.1(a)(3) "serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way -thus facilitating its judgment of the necessity for a trial." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641. Each of these functions is critical. If a party does not follow with these rules it is unfair to the opposition, which has a right to be informed of the factual bases of his rival's case and the specific foundations for those contentions of fact. Non-compliant conduct is also adverse to the conservation of judicial resources, which are most efficiently used when the parties meet their adversarial

duties in a tightly orchestrated, lucid manner.

The courts of the Northern District have adhered to a strict application of Local Rule 7.1(a)(3)'s requirement on summary judgment motions. See *Bundy v. American Corporation v. K–Z Rental Leasing, Inc.*, 2001 WL 237218 (N.D.N.Y March 9, 2001); *No. 910 Welfare, Annuity and Pension Funds v. Dexelectrics, Inc.*, 98 F.Supp.2d 265, 270 (N.D.N.Y.2000). Consequently, the court will accept the properly supported facts contained in defendant's Statement of Material facts as true for the purposes of this motion.

■ The failure of plaintiff's attorney to accompany his affidavit with a memorandum of law leaves no legal argument from plaintiff for the court's consideration. Even if it were argued that plaintiff's attorney's affidavit is the functional equivalent to a memorandum of law, it is inadequate; there is not a single citation to any statute or case decision or a comprehensive explanation of the legal theories upon which plaintiff's claims are based.

Plaintiff's attorneys failure to file a statement of material facts in opposition to defendant's requires the court to take as true defendant's presentation of the facts. Local Rule 7.1(a)(3); *Dusanenko v. Maloney*, 726 F.2d 82 (2d Cir.1984) (*per curiam*). Having done so, the court turns to the moving party's second burden, establishing that, in light of the undisputed facts, it is entitled to summary judgment as a matter of law.

■ Plaintiff's complaint alleges that defendant is strictly liable to plaintiff because the negligent design and manufacture of the automobile he was driving at the time of the accident, and defendant's breach of its warranties in the distribution and sale of the vehicle cause plaintiff to be severely injured in the accident. The papers submitted by plaintiff do not touch on these two allegations, but are concerned with a missing piece of evidence that was brought to his attention after his expert examined the wrecked vehicle.

Plaintiff states that the missing evidence is a part called an antilock brake system switch ("ABS switch") that controls the stopping distance in 4 wheel drive vehicles. In these vehicles, the braking distance is shorter when it is in 2 wheel drive than when it is in 4 wheel drive. Plaintiff maintains that, at the time of the accident, his vehicle was in two wheel drive, but the ABL switch mis-functioned and had it in four wheel drive mode. This error prevented correct deceleration when the brakes were applied, increased the impact force of the accident and exacerbated plaintiff's injuries. At the time of the accident, 1995 Chevrolet Blazer models of the type plaintiff was driving were subject to factory recall by defendant because some of them may have had ABS switches working incorrectly.

Plaintiff contends that the ABS switch was still in the vehicle after the wreck and it was removed during a period when the defendant had possession of it. Plaintiff's attorney avers in paragraph 9 of his affidavit that plaintiff never saw his vehicle after the accident until he traveled to Buffalo, NY, and observed it after ESIS had acquired it for defendant's investigation, and it had been cannibalized and the ABS switch was missing. In paragraph 11, plaintiff's attorney states that when notified of plaintiff's claim, defendant was in control of the vehicle, and was still in control when plaintiff's action was filed, but later sold and stripped of the critical evidence. However, plaintiff's affidavit conflicts with this statement.

Plaintiff states in his affidavit that, after the accident, the wrecked vehicle was taken to Trabold's Garage in Skaneateles,

NY, and later transferred to Tri–State Auto Auction in Cicero, NY, where it remained for a very long time and was clearly marked as property of the defendant and remained undisturbed for a long period of time. In paragraph 17 of his affidavit plaintiff asserts that "[p]rior to the vehicle being moved to Buffalo, I have personal knowledge that it was not stripped of parts." When defendant was notified on plaintiff's claim, the vehicle was sold to a salvage company and moved to Buffalo, NY. When plaintiff saw the vehicle in Buffalo, it had been cannibalized and the ABS switch stripped from the vehicle.

The documental proof submitted by defendant shows that plaintiff's automobile insurer, Motors Insurance Company of Dallas, Texas, acquired the wrecked vehicle on April 17, 1996, from Bombard Car Co, Inc., and no major parts were missing from the wreck. Motors Insurance Company is a subsidiary of General Motors Acceptance Company which is a subsidiary of General Motors Corporation. Motorsworks independently and does not investigate claims for General Motors. Eight days later, on April 25, 1996, Motors transferred the wrecked vehicle to Central Auto Recycling, Inc., 1807 Erie Blvd. West, Syracuse, NY. During the time Motors was in possession of the wrecked vehicle, defendant had not been notified by plaintiff or anyone else of a potential claim relating to the vehicle. On June 7, 1999, Central Auto transferred the wrecked vehicle to Blakeley's Collision Service in Lancaster, NY, (Buffalo). The transfer papers clearly show that Central Auto had been in possession of the vehicle since April 25, 1996, and, on the date of transfer to Blakeley's, major component parts of the wreck were either missing or damaged. On the same date it acquired the wreck, Blakeley's transferred it to ESIS on behalf of defendant so it could be investigated and evaluated with regard to plaintiff's claim. Blakeley's transfer papers reflected that major component parts were missing or damaged at the time of transfer.

The evidence submitted demonstrates that the insurer disposed of the wrecked vehicle, and defendant never had possession or control over it after the accident until it was acquired by ESIS on its behalf, at which time, major component parts were missing or damaged. It has not been shown that defendant was responsible for the removal, loss or destruction of the ABS switch.

Plaintiff seems to indicate that the fact the ABS switch was subject to factory recall by the defendant is significant. It is not. Recall notices can be relevant evidence in product liability case, *Longenecker v. General Motors Corporation*, 594 F.2d 1283, 1286 (9th Cir.1979), but the recall notice in *Longenecker* directly advised the car's owner of a need for repair to that particular car. Here, in contrast, it states only that some 1991–1996 4-wheel drive(4WD) Blazers may have a ABS switch malfunction. Thus, the notice creates no material issues of fact as to whether a defect, if there was one, proximately caused plaintiff's accident. *Pesce v. General Motors Corporation*, 939 F.Supp. 160, 165 (N.D.N.Y.1996). Merely establishing a defect as a possible cause of an accident is not adequate to prove liability. The plaintiff must produce evidence that will support a reasonable inference that the defect was the probable cause of the accident as differentiated from a possible cause, else, a jury verdict based upon speculation and surmise could occur, *Calhoun v. Honda Motor Company, Ltd.*, 738 F.2d 126, 132 (6th Cir.1984).

Rule 56 of the Federal Rules of Civil Procedure permits summary judgment where the evidence demonstrates that "there is no genuine issue of any material

fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). More than a "disfavored shortcut," summary judgment is an important procedure regarded as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting Federal Rule of Civil Procedure 1). In determining whether there is a genuine issue of material fact a court must resolve all ambiguities and draw inferences against the moving party. *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)(*per curiam*). But, "[t]he non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." *Western World Insurance Company v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir. 1990) An issue of credibility is insufficient to preclude the granting of summary judgment. Neither side can rely on conclusory allegations or statements in affidavits. The disputed issue of fact must be supported by evidence that would allow a "rational trier of fact to find for the non-moving party." *Matsushita Electric Industries Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Unsupported allegations will not suffice to create a triable issue of fact. *Goenaga v. March of Dimes Birth Defects Foundation,* 51 F.3d 14, 18 (2d Cir.1995). "Supposition does not create a genuine issue of fact, instead it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Indiana Bell Telephone Company, Inc.,* 47 F.3d 928, 929 (7th Cir.1995). Nor will factual disputes that are irrele-vant to the disposition of the suit under governing law preclude any entry of summary judgment. *Anderson,* 477 U.S. at 247, 106 S.Ct. at 2509.

Defendant has met its obligation of establishing the absence of a genuine issue of material fact. Plaintiff, conversely, has advanced no evidence upon which a reasonable jury could return a verdict in his favor. Furthermore, defendant has submitted competent proof that the Blazer allegedly containing the ABS switch evidence was not in the possession of the defendant or any of its affiliates on the date plaintiff filed his initial claim against defendant, or anytime thereafter. Plaintiff has also failed to disclose an expert concerning injury causation or injury enhancement. Based upon the established facts, defendant is entitled to judgment as a matter of law.

Accordingly, defendant's motion for summary judgment is **GRANTED** and the complaint is **DISMISSED**, in its entirety. Defendant's motion to exclude the testimony of Plaintiff's expert witness is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**