Edwin F. GORDON, Plaintiff,

v.

John HEIMANN, United States Comptroller of the Currency, et al., Defendants.

Civ. A. No. C79–2051.

United States District Court, N. D. Georgia, Atlanta Division.

June 19, 1980.

Julian D. Halliburton, Robert L. Schwind, Atlanta, Ga., John W. Stokes, Jr., Decatur, Ga., for plaintiff.

Kathie G. McClure, Asst. U. S. Atty., Hobart E. Early, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Edwin F. Gordon has brought this mandamus action against John Heimann, Comptroller of the Currency, and other federal officials asking the court to order the defendants to investigate two national banks located in Florida and initiate criminal prosecutions against certain named persons.

The plaintiff invested in bank trust accounts which acquired title to certain real estate. The plaintiff alleges that the sale of the interest in the trust accounts and the management of the accounts violated, *inter alia*, the prohibition on bank tying arrangements (whereby a bank extends one service conditioned on the bank customer's completing some other transaction at that bank), 12 U.S.C. § 1972 (1980 Supp.), and the prohibition on a bank engaging in business not incidental to banking. 12 U.S.C. § 24(7) (1945 & 1980 Supp.). The plaintiff also alleges that the banks were illegally involved in the sale of securities in violation of 12 U.S.C. §§ 78, 377 and 378(a). The plaintiff alleges that the Comptroller has a duty to investigate the performance of national banks, Complaint ¶ 73, and asks the court to order an investigation and the initiation of criminal proceedings.

The defendants have moved to dismiss on the ground that the plaintiff has failed to comply with Fed.R.Civ.P. 8 and an earlier order of this court dismissing, without prejudice, a similar complaint against these defendants for failure to comply with Rule 8. *Gordon v. Heimann*, Civil Action No. C79–1389A (Oct. 8, 1979) (O'Kelley, J.).[1] The defendants have also moved to dismiss on the ground that the complaint fails to state a claim on which relief may be granted.

The court will consider first the defendants' motion to dismiss on the ground that the complaint fails to state a claim. Fed.R. Civ.P. 12(b)(6).

---

1. An earlier complaint for mandamus relief against these defendants has been dismissed for failure to state a claim for which relief can be granted. *Gordon v. Hensel*, C78–799A (May 30, 1978) (O'Kelley, J.).

The defendants have argued that the Comptroller's duty to investigate a bank for violations of statutes and regulations and to initiate criminal prosecutions is discretionary, and that mandamus will not lie to direct the exercise of discretion.[2]

In response, the plaintiff has argued that he has a First Amendment right to petition the government for the redress of grievances and that the government has "more than a duty to merely listen to and then to ignore the plaintiff's pleas," the government has a duty "to act in good faith with respect to the grievance." Plaintiff's Reply to Defendants' Motion to Strike, p. 4. The plaintiff's theory as discussed in this reply is predicated on a cause of action, implied from the First Amendment, not only to petition to government for a redress of grievances but to compel the government to redress his grievances. The plaintiff cites *De Jonge v. Oregon*, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937), *Thomas v. Collins*, 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430 (1945), and *Sierra Club v. Butz*, 349 F.Supp. 934 (D.C.Cal.1972) in support of his theory. These cases are inapposite. *De Jonge* held that "peaceful assembly for lawful discussion cannot be made a crime," *supra* 299 U.S. at 365, 57 S.Ct. at 260, and *Thomas* held that the state could not require prior registration as a condition for exercising one's First Amendment rights. *Supra* at 541. Both cases struck down criminal convictions. In *Sierra Club v. Butz*, the court dismissed counterclaims filed by a timber logging company against the Sierra Club for failure to state a claim. The counterclaims were tort actions for money damages against the club based on the Sierra Club's persuading the Forest Service to reduce permissible timber sales in wilderness areas. ■ None of these cases has anything to do with the plaintiff's cause of action. The plaintiff has freely exercised his First Amendment right to petition various federal agencies. The plaintiff is now seeking to compel agency action on the theory that his right to petition the government creates in the government a corresponding duty to act. The court refuses to imply this cause of action from the First Amendment.

■ Although not mentioned in his reply memorandum, the plaintiff has also predicated his complaint on the Comptroller's authority to examine national banks contained in 12 U.S.C. § 481. Complaint ¶ 72. That section provides, "The Comptroller of the Currency, with the approval of the Secretary of the Treasury, shall appoint examiners who shall examine every national bank twice in each calendar year, but the Comptroller, in the exercise of his discretion, may waive one such examination or cause such examinations to be made more frequently if considered necessary. The waiver of one such examination as above provided shall not be exercised more frequently than once during any two-year period. The examiner making the examination of any national bank shall have power to make a thorough examination of all the affairs of the bank and in doing so he shall have power to administer oaths and to examine any of the officers and agents thereof under oath and shall make a full and detailed report of the condition of said bank to the Comptroller of the Currency ..." The plaintiff has not alleged that the Comptroller has failed to make the examination required by this statute but evidently seeks an investigation or examination broader in scope than that authorized by this section. Nothing in this code section creates a mandatory duty enforceable by the plaintiff for the Comptroller to begin an investigation broader than the twice-yearly bank examination. Moreover, this section confers no authority on the Comptroller to initiate criminal proceedings.

---

2. The defendants have also argued that the Comptroller has conducted, at the behest of the plaintiff, an investigation into the affairs of the banks and found no evidence of wrongdoing. Whether the Comptroller made an investigation and what he learned are questions of fact which cannot be resolved on a motion to dismiss for failure to state a claim. Moreover, the correspondence which the Comptroller entered in the record has not been properly authenticated.

The Comptroller also has authority to issue cease-and-desist orders against a national bank which is engaging in unsafe or unsound banking practices. 12 U.S.C. §§ 1813(q) and 1818(b)(1). The authority granted is discretionary. "If, *in the opinion of the appropriate Federal banking agency*"—in this case the Comptroller—any insured bank is engaging or has engaged, or the agency has "*reasonable cause to believe*" that the bank is about to engage in any unsafe or unsound practice or to violate any law, rule or regulation, "the agency *may issue* and serve upon the bank" a notice of charges [emphasis added]. 12 U.S.C. § 1818(b)(1). The notice of charges must fix a time for a hearing, and judicial review of final agency cease-and-desist orders is by the courts of appeals. 12 U.S.C. § 1818(h). This general regulatory framework is outlined in *Groos National Bank v. Comptroller of Currency*, 573 F.2d 389, 894 (5th Cir. 1978).

■ Nothing in this section creates a mandatory enforcement duty in the Comptroller which the plaintiff is entitled to enforce. The provisions for judicial review relate to those against whom cease-and-desist orders are issued. 12 U.S.C. § 1818(h). Thus, the plaintiff has asked the court to review agency action but has pointed to no statute authorizing that review.[3] The Administrative Procedure Act does not require a different result since it does not authorize review of decisions committed by law to agency discretion. 5 U.S.C. § 701(a)(2). The decision by the Comptroller to investigate or bring criminal charges in a specific case is an enforcement decision not reviewable by the court. The plaintiff has not stated facts or a legal theory which would authorize the court to order an investigation or initiation of criminal proceedings.

This suit is DISMISSED for failure to state a claim for relief.

So ORDERED.

---

**3.** Although the defendants have not raised the point, the plaintiff certainly lacks standing to seek the prosecution of named persons. *Linda R. S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Nader v. Saxbe*, 497 F.2d 676, 681 & n.27 (D.C.Cir.1974). The court is also of the opinion that the plaintiff lacks standing to seek an investigation because the Comptroller, even after an investigation, cannot redress the injury the plaintiff has allegedly

suffered (loss of $4.1 million). *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). The plaintiff may institute suits against private persons for violations of the banking and securities laws and has done so. The plaintiff's interest in using information in his private law suits which could be developed by the Comptroller is not a judicially cognizable interest.