576 F.Supp. 540 (1983)
Catherine GREEN, Plaintiff,
v.
CITY OF MOBERLY, Henry Koch, William (Bill) Drown, Larry Noel, Donald R. Schaffer, and Jack Valentine, Defendants.
No. N83-32C.
United States District Court, E.D. Missouri, N.D.
December 15, 1983.
*541 N.E. Brown, Huntsville, Mo., for plaintiff.
Marion E. Lamb, Phillip Brown, Moberly, Mo., Charles Rendlen, Hannibal, Mo., for defendants.

MEMORANDUM AND ORDER
REGAN, District Judge.
Plaintiff, a former candidate for the City Council of Moberly, Missouri, seeks relief for alleged violations of her civil rights, pursuant to 42 U.S.C., §§ 1983 (Count I) and 1985 (Count II). Defendants are the City of Moberly, the Mayor of the City and the members of the City Council. Defendants have moved to dismiss. The parties have filed affidavits in support of and in opposition to the motions. We treat the matter as one for summary judgment.
At the time in question, plaintiff was a candidate for office. The election was held on February 8, 1983, in which plaintiff was eliminated as a candidate. At the time this action was filed, plaintiff was not a candidate for office.
This action stems from an alleged "policy statement" read by defendant Schaffer in the presence of the council members at two council meetings to the effect that the City Council meets to conduct city business and not to listen to candidates for the council praise or degrade the city manager or council, and for that reason "no candidates or their supporters will be permitted to make any comments at a council meeting."[1] Plaintiff contends that this "policy statement" deprived her of her protected rights to free speech and to petition the Government for redress of grievances.
Precipitating the Mayor's statement was the action of plaintiff who appeared at a Council meeting on December 20, 1982, and orally stated to the Council that the City Manager should be fired. She was informed that this matter was not on the Council's agenda and that it was a personnel matter to be dealt with only in a closed meeting. She was further informed that she could present her views in a letter. In accordance therewith, plaintiff wrote a letter to the Mayor and the members of the City Council on December 26, 1982, in which "as requested" she set forth her reasons for requesting that the Council fire the City Manager. In response, the Mayor on behalf of himself and the Council members, on December 30, 1982, wrote to plaintiff a letter in which, inter alia, he repeated defendants' position that, because plaintiff's allegations pertained to a personnel matter, they would not be discussed in any public meeting.
*542 We consider first plaintiff's claim that she was deprived of her right to petition the city government for redress of grievances. It is clear that plaintiff was not deprived of such right. As stated supra, she was expressly told that any grievances or opinions should be presented in a written communication. And unquestionably, her letter of December 26, 1982 presented plaintiff's "grievances", and this "petition" was received and considered by defendants.
What plaintiff was deprived of, at most, was simply the opportunity to orally address the City Council while it was in session. We are aware of no authority granting a citizen the constitutional right to vocalize an alleged grievance under the circumstances here present. On plaintiff's theory, the Constitution would authorize every person to go upon the floor of either house of Congress or of a state legislature while it is in session and orally present such person's opinions on any matter. By the same token, any person would have the right to insist that such person be permitted to orally explain his or her views to the President or a member of his cabinet.
What we have said with respect to the right to petition for redress of grievances is equally applicable to the right of free speech. The time, the place and all the circumstances militate against plaintiff's contention that she has a constitutional right to participate in the proceedings of the City Council over the objections of the Mayor or council members. Nothing in the so-called "policy statement" prevents plaintiff or anyone else from orally expressing his or her views at any other place or time than the Council Chambers when the Council is in session.
A city council meeting is not intended to be nor is it an appropriate vehicle for political debate, particularly where, as in this case, the subject (personnel) on which plaintiff sought to orally present her views was not only not on the agenda but is one which this council was to consider only in a closed meeting. Freedom of speech does not mean that one can talk where or when one chooses. Breard v. Alexandria, 341 U.S. 622, 642, 71 S.Ct. 920, 932, 95 L.Ed. 1233 (1951). In our opinion, there is no genuine issue of material fact on the basis of which defendants are entitled to judgment as a matter of law. Accordingly, judgment will be entered dismissing this action. In so concluding, we have refrained from ruling contentions of defendants other than those discussed herein.
NOTES
[1] Although as worded, the statement referred only to candidates and their supporters, it is clear from affidavits submitted by plaintiff that others as well were not permitted to orally address the Council on city business.