Casey D. STENGEL, et al., Plaintiffs,

v.

CITY OF COLUMBUS, OHIO, et al., Defendants.

No. C2–87–1409.

United States District Court.
S.D. Ohio, E.D.

Oct. 18, 1988.

See also, 737 F.Supp. 1460.

John Lewis, Columbus, Ohio, Steve Edwards, Grove City, Ohio, for plaintiffs.

Glenn B. Redick, Asst. City Atty., Columbus, Ohio, for City of Columbus.

Harold Wonnell, Columbus, Ohio, for defendant Belcher.

## MEMORANDUM AND ORDER

GRAHAM, District Judge.

This is a civil action brought under 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution, and Ohio law. The complaint alleges that plaintiffs obtained a judgment in 1974 (case number 72–67, Southern District of Ohio) against defendant Belcher, a former Columbus police officer. Defendant Belcher was involved in a shooting incident in which plaintiff Stengel was severely injured and the other plaintiffs' decedents were killed. The City of Columbus, originally a defendant in that action, was dismissed as a party due to the fact that at the time the action was pending, a city was not considered a "person" under 42 U.S.C. § 1983 pursuant to *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Subsequently, the Supreme Court held in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) that a municipality could be held liable under § 1983.

In 1986, plaintiffs submitted to the Columbus Police Department a claim in the amount of the judgment against defendant Belcher, plus postjudgment interest. Plaintiffs also submitted this claim in letter form to the members of the Columbus City Council on February 27, 1987. In these communications, plaintiffs requested payment of the judgment by the City of Columbus as a moral obligation, and requested a hearing before City Council. Plaintiffs allege that on March 5, 1987, the City defendants, through the City Attorney's Office, denied payment of plaintiffs' claim as a moral obligation without affording them a hearing.

Plaintiffs allege that the City defendants have deprived them of their First Amendment right to petition the government. Plaintiffs further claim that the City defendants have deprived them of due process of law and equal protection of the law in violation of the Fourteenth Amendment and analogous provisions of the Ohio Constitution by denying them a hearing before City Council. Plaintiffs also seek to recover under Section 2744.07(A)(2), Ohio Revised Code, which pertains to indemnification of any employee of a municipality for the amount of a judgment obtained against the employee for injuries caused while the employee was acting in good faith within the scope of his official duties.

This matter is now before the court for decision on a motion to dismiss the complaint for failure to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6) filed by the City of Columbus and the Columbus City Council members.

■ A complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Plaintiffs first allege that defendants refused to give them an oral hearing before City Council, and that this refusal infringed upon their right to petition under the First Amendment. However, the right to petition government afforded by the First Amendment does not include the absolute right to speak in person to officials, *Welch v. Board of Educ. of Baltimore Cty.,* 477 F.Supp. 959 (D.Md.1979). Where written communications are considered by government officials, denial of a hearing does not infringe upon the right to petition. *Green v. City of Moberly,* 576 F.Supp. 540 (D.Mo.1983). The right to petition government does not create in the government a corresponding duty to act. *Gordon v. Heimann,* 514 F.Supp. 659 (N.D.Ga.1980).

Plaintiffs communicated in writing with city council members, and the City Council responded by declining to recognize plaintiffs' claim as a moral obligation. The facts alleged in plaintiffs' complaint reveal that plaintiffs have exercised their right to petition. The fact that City Council did not afford them the opportunity for oral argument or honor their claim does not indicate a violation of plaintiffs' First Amendment rights. Construing plaintiffs' complaint in a light most favorable to plaintiffs, the court finds that it fails to state a cause of action under § 1983 for violation of the right to petition.

■ Plaintiffs further claim that the actions of defendants have deprived them of due process of law. Plaintiffs allege that they have a property right in the judgment against defendant Belcher. However, the issue presented by Count I of plaintiffs' complaint is whether plaintiffs have a right to payment of that judgment as a moral obligation by the City of Columbus. Ohio law recognizes that municipalities have the legal authority to acknowledge and honor moral obligations. *State ex rel. Caton v. Anderson,* 159 Ohio St. 159, 111 N.E.2d 248 (1953). However, no authority has been cited which holds that municipalities are required to honor purely moral obligations.

■ The requirements of procedural due process apply only to the deprivation of property interests protected by the Fourteenth Amendment. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A plaintiff complaining of a lack of procedural due process

**1460**

must have a legitimate claim of entitlement to property, rather than an abstract need, desire or unilateral expectation. *Id.* at 577, 92 S.Ct. at 2709. The facts pleaded indicate that plaintiffs have no property right in the purely moral obligation assertedly owed them such as would give rise to a right to procedural due process, such as an oral hearing, nor has any substantive deprivation of due process been shown by the denial of the claim. Plaintiffs have failed to state a due process claim.

▮ Plaintiffs further claim that they have been deprived of equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution and Article I, § 2 and Article II, § 26 of the Ohio Constitution. Plaintiffs allege that defendants have a "past practice, custom, policy and procedure" of paying judgments awarded against Columbus police officers, and that defendants have discriminated against them by denying their claim and refusing them a hearing, since defendants have granted hearings in other cases and honored smaller claims involving disputed facts.

▮ The Equal Protection Clause applies not only to duly enacted statutes and ordinances, but also to local customs, policies or usages which have the force of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Construing the complaint most favorably to the plaintiffs, the court is unable to say that they could prove no set of facts which would entitle them to relief. Therefore, defendants' motion to dismiss plaintiffs' equal protection claims is denied at this time.

Defendants also move to dismiss plaintiffs' claim under Section 2744.07, Ohio Revised Code. The court will defer ruling on this branch of defendants' motions pending further clarification or development of plaintiffs' remaining federal claim.

In summary, defendants' motion to dismiss is granted as to plaintiffs' right of petition and due process claims, and denied as to plaintiffs' equal protection claims.

Ruling is deferred on plaintiffs' claim under the Ohio statute.