Jan S. PRESTOPNIK, Plaintiff,

v.

John WHELAN, both individually and as Superintendent of the Greater Johnstown School District, James Hillier, both Individually, and as President of the Greater Johnstown School District, and the Greater Johnstown School District, Defendants.

No. 02–CV–1130.

United States District Court,
N.D. New York.

March 26, 2003.

Elmer R. Keach, III, Albany, NY, for Plaintiff.

Girvin & Ferlazzo, P.C., Albany, NY (Patrick J. Fitzgerald, of Counsel), for defendants.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiff Jan Prestopnik commenced the instant litigation pursuant to 42 U.S.C. § 1983 arising out of defendants' alleged refusal to permit her attorney to speak at a Board of Education meeting. Defendants move to dismiss pursuant to Fed. R.Civ.P. 12(b)(6). Plaintiff cross-moves for partial summary judgment pursuant to Fed.R.Civ.P. 56. Oral argument was heard in Utica, New York on December 12, 2002. Decision was reserved.

## II. FACTS

Plaintiff was employed as a teacher with the Greater Johnstown School District (the "District") from September 1, 1999 through June 30, 2002. (Compl. at ¶ 7.) The District's Superintendent, defendant John Whelan, did not recommend plaintiff for tenure. (Id. at ¶ 8.) The Board of Education ("the Board") adopted Whelan's recommendation and did not tenure plaintiff. (Id. at ¶ 9.) Plaintiff hired Attorney Elmer Robert Keach, III ("Keach") to represent her in connection with her denial of tenure and termination of employment. (Id. at ¶ 11.)[1] Keach attended a July 9, 2002 Board meeting. (Id. at ¶¶ 13–14.) At the meeting, he attempted to address the Board to ask that they reconsider the tenure decision concerning the plaintiff. (Id. at ¶¶ 14–15.) The District's attorney,

Patrick J. Fitzgerald,[2] informed him that he would not be permitted to raise the issue of plaintiff's tenure during the public session of the meeting. (Id.) Thereafter, following some heated discussion, Keach was precluded from discussing plaintiff's tenure. (Id. at ¶ 18.) He was invited to address the Board in writing on behalf of the plaintiff. (Keach Aff., Ex. A, p. 8.)

## III. STANDARD OF REVIEW

### A. Defendants' Motion to Dismiss

" 'A court may dismiss a complaint [under Fed.R.Civ.P. 12] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In deciding a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint." Swierkiewicz, 534 U.S. at 508 n. 1, 122 S.Ct. 992; see also Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.), cert. denied, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994); Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir.1995). Conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. See, e.g., Clapp v. Greene, 743 F.Supp. 273, 276 (S.D.N.Y. 1990), aff'd, 930 F.2d 912 (2d Cir.), cert. denied, 502 U.S. 868, 112 S.Ct. 197, 116 L.Ed.2d 157 (1991); Albert v. Carovano, 851 F.2d 561, 572 (2d Cir.1988). A complaint is sufficient if it gives the defendants fair notice of the plaintiff's claims, the grounds upon which they rest, and states

---

1. Attorney Keach also represents plaintiff in the instant litigation.

2. Attorney Fitzgerald's firm also represents defendants in the instant litigation.

claims upon which relief could be granted. *Swierkiewicz,* 534 U.S. at 514, 122 S.Ct. 992.

### B. *Plaintiff's Cross–Motion for Partial Summary Judgment*

The local rules of the Northern District of New York provide that

> Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established.... *Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.*

N.D.N.Y.L.R. 7.1(a)(3) (emphasis in original). Local Rule 7.1(b)(3) similarly provides that "[a]ny papers required under this Rule that are not ... in compliance with this Rule shall not be considered unless good cause is shown."

"The Local Rules are not suggestions, but impose procedural requirements upon parties litigating in this District." *Osier v. Broome County,* 47 F.Supp.2d 311, 317 (N.D.N.Y.1999). The requirements of, and effects of failure to comply with, Rule 7.1 are clear—a proper Statement of Material Facts is required and a non-conforming motion must be denied. N.D.N.Y.L.R. 7.1(a)(3) ("Each fact listed *shall* set forth a specific citation to the record.... Failure ... to submit a ... complete Statement of Material Facts *shall* result in a denial of the motion.") (emphasis added).

In support of her motion for partial summary judgment, plaintiff submitted a Statement of Material Facts Not In Dispute. (Dkt. No. 13.) However, plaintiff failed to provide a single citation to the record where each fact is established. In an attempt to salvage this procedural failure, in her Reply Statement of Material Facts Not in Dispute, plaintiff "supplements her earlier statement provided to the Court, and indicates for the Court that the record supporting her suggested material facts is provided by the transcript of the public meeting in question ... and the videotape of that meeting." (Dkt. No. 21.)

In a somewhat analogous situation, one Court in this district stated:

> It is not this Court's function to filter through [the record] in an attempt to find plaintiffs' claimed [undisputed] ... issues of fact. Lawyering is to be done by lawyers, not the Court. Plaintiffs are quite presumptuous in concluding that providing citations to the record would be of no value to the Court. The Court could not disagree more. By providing precise citations to the record where the disputed [or undisputed] facts are located, both parties and the Court can move immediately to the gravamen of the case; absent this forced focus, the parties' briefs can remain, as is often the case, as "two ships passing in the night".... If the facts supporting the arguments are in the record, counsel should be able to cite to them.

*Badlam v. Reynolds Metals, Co.,* 46 F.Supp.2d 187, 193 n. 2 (N.D.N.Y.1999). The Second Circuit has similarly stated that "Fed.R.Civ.P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.... [D]istrict courts are entitled to order litigants to provide specific record citations." *Amnesty Am. v. Town of W. Hartford,* 288 F.3d 467, 470–71 (2d Cir.2002). In light of the foregoing, plaintiff's suggestion that the transcript and videotape of the July 9 Board meeting be reviewed to identify support for her Statement of Material Facts Not in Dispute does not cure her

failure to comply with Rule 7.1(a)(3). Because plaintiff failed to comply with Rule 7.1(a)(3), her motion for partial summary judgment must be denied. N.D.N.Y.L.R. 7.1(a)(3); *see also Bombard v. General Motors Corp.*, 238 F.Supp.2d 464, 467 (N.D.N.Y. Dec.18, 2002) ("The courts of the Northern District have adhered to a strict application of Local Rule 7.1(a)(3)'s requirement on summary judgment motions."); *Bundy Am. Corp. v. K–Z Rental Leasing, Inc.*, No. 00–CV–260, 2001 WL 237218, at *1 (N.D.N.Y. Mar.9, 2001).

## IV. DISCUSSION

### A. Right to Speak

Defendants move to dismiss the Complaint on the ground that plaintiff has not been deprived of a constitutional right. More specifically, defendants argue that "[p]laintiff has not, and cannot, allege in her Complaint that *she* attempted to personally address the Board or that *she* was prevented by the Board from doing so. Therefore ... [p]laintiff has failed to allege any facts which show that *she* has been deprived of such a right." (Def.'s Mem. of Law at 5.) Plaintiff responds that the First Amendment guarantees a right to speak and petition the government for the redress of grievances through an agent (*i.e.*, her attorney).[3]

■ Plaintiff provides no legal authority for the proposition that "she has every right to petition her elected government through counsel." (Pl.'s Mem. of Law at 9.) The single case cited by plaintiff, *Lamar v. Kern*, 349 F.Supp. 222, 224 (S.D.Tex.1972), is inapposite. That case found a First Amendment violation where a prison was censoring or withholding mail to and from courts and attorneys. *Id.* It is well-settled that "[i]nterference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir.2003). This is because such interference may hinder a prisoner's efforts to pursue a legal claim. *Id.* It is similarly settled that there is a right "to be fairly represented in lawsuits authorized by Congress to effectuate a basic public interest," *B'hood of R.R. Trainmen v. Virginia*, 377 U.S. 1, 7, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964), and to confer with counsel to obtain legal advice. *Bates v. State Bar of Arizona*, 433 U.S. 350, 376 n. 32, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977); *Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir.2000); *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir.1990), *cert. denied*, 502 U.S. 814, 112 S.Ct. 65, 116 L.Ed.2d 41 (1991). None of these situations are presented under the facts and circumstances of this case. Plaintiff is not seeking to be represented by an attorney in an adversary proceeding or another forum in which the advice of counsel is ordinary or necessary. Further, there are no allegations that defendants interfered with plaintiff's efforts to consult with an attorney or to pursue a legal claim.

Plaintiff also invokes the law of agency contending that her attorney:

"had the power to affect the legal relations of the principal to the same extent as if the principal had so acted." Just as the [school's attorney] conveyed the position of the School Board and is not directly liable for the present Constitutional violation, so too can [plaintiff's attorney], as [plaintiff's] ... agent ... convey his client's position to the Board without implicating his personal First Amendment freedoms. In short, [plaintiff's attorney] was acting as a conduit

---

**3.** Ordinarily, the right to be represented by counsel arises in the due process context.

The Complaint does not assert any due process claims.

for [plaintiff] to exercise her First Amendment rights.

(Pl.'s Reply Mem. of Law at 3) (quoting *Restatement of Agency, Second,* § 12(a).) There is little question that in the appropriate circumstances, an agent has the authority to bind (*i.e.,* affect the legal relations of) the principal. *See, e.g., Merrill Lynch Interfunding, Inc. v. Argenti,* 155 F.3d 113, 122 (2d Cir.1998). This does not, however, answer the more pertinent questions of whether (1) a third-party (here, the defendants) is under an obligation to deal with a principal (plaintiff) through an agent (her attorney); (2) a principal can delegate her constitutional rights to be exercised by an agent (*i.e.,* whether constitutional rights can be exercised vicariously); and (3) a third-party's refusal to let the agent speak on behalf of the principal can amount to a violation of the principal's constitutional rights.

Considerations of agency and constitutional law compel the conclusion that there is no First Amendment right to appear through an agent (including a licensed attorney) at a regularly scheduled, non-adversarial Board meeting at which no action was going to be taken with respect to plaintiff's property rights.[4] Plaintiff provides no support for the proposition that First Amendment rights can be exercised vicariously. To the contrary, courts have held that constitutional rights are personal in nature and cannot be delegated or exercised vicariously. *Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir.1997) (attorney-in-fact does not have right to assert principal's due process claim); *Eaton v. City of Solon,* 598 F.Supp. 1505, 1514 (N.D.Oh.1984) (rejecting argument that alleged authorized agent of principal

has standing to assert a claim pursuant to 42 U.S.C. § 1983 on behalf of the principal); *United States v. Hunt,* 505 F.2d 931, 941 (5th Cir.1974) (A principal "may not vicariously assert the Fourth Amendment rights of" his agents.), *cert. denied,* 421 U.S. 975, 95 S.Ct. 1974, 44 L.Ed.2d 466 (1975). In a case involving the First Amendment's Free Exercise Clause, the Second Circuit stated that "a plaintiff must allege that her own particular religious freedoms are infringed." *Altman v. Bedford Cent. Sch. Dist.,* 245 F.3d 49, 71 (2d Cir.) (internal quotations and citation omitted), *cert. denied,* 534 U.S. 827, 122 S.Ct. 68, 151 L.Ed.2d 34 (2001); *see also Am. Charities for Reasonable Fundraising Regulation, Inc. v. Shiffrin,* 205 F.3d 1321, 2000 WL 232656, at *1 (2d Cir.2000) (table decision) ("Even in the First Amendment context, where the standing inquiry is more flexible, plaintiffs must still allege that they themselves have suffered harm."). Similarly, in the Fourth Amendment context, the Fifth Circuit stated that "interpersonal relationships cannot make a 'victim' of one who is not otherwise 'one against whom the search or seizure is directed.'" *Hunt,* 505 F.2d at 939.

> Generally speaking, the Fourth Amendment protects the "I" but not the "thou." So it is that one spouse may not complain if the other is searched. Nor may one business partner assert an interest in the search of another partner solely on the basis of the partnership relation. Finally, ... co-defendants and co-conspirators may not assert the Fourth Amendment rights of their alleged partners in crime solely on the basis of their interpersonal association, because

---

4. A different conclusion might result in the situation where, for example, an individual is unable to speak for him or herself because of language barriers or physical disabilities. Moreover, in the appropriate circumstances

(such as a proceeding affecting an individual's property rights), due process may provide a right to representation by counsel. No such scenarios are presented.

Fourth Amendment rights are personal ones.

*Id.* (internal citations omitted). Like the Fourth Amendment, the First Amendment provides for personal rights, *Thornhill v. Alabama,* 310 U.S. 88, 95, 60 S.Ct. 736, 84 L.Ed. 1093 (1940), and plaintiff cannot be a "victim" where her speech was not personally chilled by government action.

The cases also hold that plaintiffs may not rely upon the conduct of others to support their claimed First Amendment violations. In *Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992), for example, the Second Circuit held that the executive director of a corporation failed to state a First Amendment retaliation where it was the corporation and not the executive director himself that engaged in the protected speech. *Id.* This case makes it clear that the plaintiff him or herself must have engaged in the protected activity; not some person or entity with which the plaintiff is associated. By analogy, it must be plaintiff who was denied an opportunity to speak at the Board meeting; not some person with whom she is associated (*i.e.,* her attorney).

■ There is no other basis upon which to conclude that plaintiff has a First Amendment or other constitutional or federal statutory right to be heard through an attorney at the Board meeting. As discussed, in civil matters, the right to appear through counsel ordinarily arises in the due process context.[5] Under notions of due process, governments need only allow individuals "the procedures which have traditionally been associated with the judicial process," such as representation by counsel, "when government agencies adjudicate or make binding determinations with directly affect the legal rights of individuals." *Hannah v. Larche,* 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). On the other hand, "when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used." *Id.* Because the Board meeting at issue here did not involve binding determinations affecting plaintiff's legal rights, there was no need, or right, for her to be represented by counsel.[6] Plaintiff offers no cogent reason why the First Amendment rights of free speech and to petition the government for a redress of grievances should afford her any greater protection in this situation than the Fourteenth Amendment's Due Process Clause.[7]

■ Prudential considerations also militate against plaintiff's argument. Suppose, for example, a large group of individuals hired a "spokesman" (whether an attorney or not) to speak on their behalf on the steps of Capitol Hill (a traditional public forum). Under plaintiff's argu-

---

5. Of course, in criminal prosecutions, the Sixth Amendment affords the right to have the assistance of counsel. U.S. Const. amend. VI.

6. Not only did the Board meeting not involve a binding determination of plaintiff's legal rights, but plaintiff's situation was not even on the agenda. (*See* Compl. at Ex. A.) The Board meeting was a regularly scheduled, non-adversarial matter. (*See* Compl. at Ex. A.) Nothing transpired at that meeting that

necessitated or otherwise called for representation by, or an appearance through, counsel.

7. In cases against municipalities, the First Amendment can be enforced only through the Fourteenth Amendment's Due Process Clause. *City of Boerne v. Flores,* 521 U.S. 507, 519, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997); *Cantwell v. State of Connecticut,* 310 U.S. 296, 303, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *Tarpley v. Keistler,* 188 F.3d 788, 794 n. 4 (7th Cir.1999).

ment, if the spokesman was not permitted to speak, every individual in the group that retained the spokesman would have suffered a constitutional injury regardless of the fact that no member of the group was personally precluded from speaking. Consider also the example where a plaintiff's mother appeared at a public meeting to speak in support of her daughter, but was precluded from talking. Under principles of agency law, after the Board meeting was over, plaintiff could ratify her mother's speech, thereby adopting it as her own, *see* Restatement (Third) of Agency §§ 4.01–4.03, and, therefore, claim to have suffered constitutional injury. Recognizing that the First Amendment is among the most cherished of individual liberties and a cornerstone of our republic, plaintiff's invocation of principles of agency law carries her personal liberties too far. Except in extraordinary circumstances not present here, constitutional rights are personal and may not be delegated or exercised vicariously. Thus, under these examples, the only persons who may have sustained constitutional injury are the spokesman and the mother. Likewise, the only person who may have sustained constitutional injury in the present case is plaintiff's attorney.

### B. *Right to Petition* [8]

■ Finally, there has been no violation of plaintiff's right to petition the government for redress of grievances.

The "right to petition government afforded by the First Amendment does not include the absolute right to speak in person to officials. Where written communications are considered by government officials, denial of a hearing does not infringe upon the right to petition. The right to petition government does not create in the government a corresponding duty to act."

*Cronin v. Town of Amesbury,* 895 F.Supp. 375, 389–90 (D.Mass.1995), *aff'd,* 81 F.3d 257 (1st Cir.1996) (quoting *Stengel v. City of Columbus, Ohio,* 737 F.Supp. 1457, 1459 (S.D.Oh.1988)); *see also Scroggins v. City of Topeka, KS.,* 2 F.Supp.2d 1362, 1375 (D.Kan.1998); *Green v. City of Moberly,* 576 F.Supp. 540, 542 (E.D.Mo.1983). Because defendants afforded plaintiff the opportunity to submit her grievances in writing, she was not denied the right to petition the government. (*See* Def.'s Stmnt. of Mat. Facts at ¶ 5; Hiller Aff. at ¶ 19; Keach Aff., Exs. A and B.) It, therefore, follows that the Board's refusal to permit plaintiff's attorney to speak did not cause her constitutional injury.

### C. *Standing*

■ There are no allegations in the Complaint that support plaintiff's claims that defendants' actions affected the exercise of *her* First Amendment rights. Although the Complaint alleges that plaintiff "would like to address the Board again," there are no allegations that (1) the Board

---

8. Because the parties were on notice of plaintiff's pending motion for partial summary judgment and had an opportunity to submit materials outside the pleadings, defendants' motion to dismiss plaintiff's "right to petition" claim will be treated as one for summary judgment pursuant to Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b) ("If, on a motion . . . to dismiss . . ., matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."). With respect to this claim, the familiar summary judgment standard as set forth in *City of Rome, New York v. Verizon Communications, Inc.,* 240 F.Supp.2d 176, 177–78 (N.D.N.Y.2003), will apply. It, therefore, is proper to consider the materials outside of the pleadings and, in particular, the unequivocal evidence that plaintiff (and/or her attorney) was invited to submit written materials to the Board for consideration. (*See* Def.'s Stmnt. of Mat. Facts at ¶ 5; Hiller Aff. at ¶ 19; Keach Aff., Exs. A and B.)

would again open up its meetings to the public; or (2) that plaintiff has, or would be, refused the opportunity to speak at any such public forum. Indeed, the undisputed evidence in the record suggests that plaintiff can, at any time, petition the Board in writing regarding any subject. Because plaintiff did not, and is not likely to, personally suffer any constitutional injury, she does not have standing to assert claims pursuant to 42 U.S.C. § 1983. *Colombo v. O'Connell*, 310 F.3d 115, 116 (2d Cir.2002), *petition for cert. filed*, 71 U.S.L.W. 3523 (Feb. 3, 2003) (No. 02–11); *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir.2001); *Morris v. Lindau*, 196 F.3d 102, 113 (2d Cir.1999); *Fulani v. Bentsen*, 35 F.3d 49, 51–52 (2d Cir.1994).

### V. *CONCLUSION*

Plaintiff was not precluded from speaking at a public forum. Plaintiff was invited to submit her grievances in writing. Plaintiff was not denied the right to petition. Plaintiff has not been denied the right to speak or petition in the future. Plaintiff has not suffered any constitutional injury and does not have standing to state a claim pursuant to 42 U.S.C. § 1983.

Accordingly, it is

ORDERED that

1. Defendants' motion to dismiss is GRANTED;

2. Plaintiff's cross-motion for partial summary judgment is DENIED; and

3. Plaintiff's Complaint is DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.