TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN









NO. 03-04-00376-CV






David L. Smith, Appellant


v.


State Commission on Judicial Conduct, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. GN304808, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 In December 2003, appellant David L. Smith sought judicial review in the district
court after the State Commission on Judicial Conduct denied his complaint of judicial misconduct. 
The trial court dismissed Smith's suit for want of jurisdiction. Smith appeals, asserting that the trial
court had inherent jurisdiction and jurisdiction under the Administrative Procedure Act (the "APA") (1)
to hear Smith's complaint. Smith argues that the trial court erred in dismissing his suit because the
dismissal violated his constitutional rights to access the courts and seek redress of his grievances,
as well as his rights to due process and equal protection. Smith further argues that the trial court
should have given him the opportunity to object to the substance of the final order and improperly
ignored his arguments and evidence. We affirm the trial court's order of dismissal.

 Sometime before June 2002, a jury in a Tarrant County municipal court found Smith
not guilty of assault, but convicted him of disorderly conduct. (2) Smith v. State, No. 02-03-007-CR,
2003 Tex. App. LEXIS 2670, at *1 (Tex. App.--Fort Worth Mar. 27, 2003, pet. dism'd) (not
designated for publication). Smith was fined $500 and ordered to pay $53 in court costs. Id. The
municipal court also found that Smith was in direct contempt of court, sentenced him to three days'
confinement, and imposed a $100 fine. Id. Smith appealed the contempt order to district court,
which heard the case de novo and agreed that Smith was in contempt; he then appealed to the Fort
Worth Court of Appeals, which dismissed the appeal, holding that it lacked jurisdiction over appeals
from contempt orders. In re Smith, No. 02-02-277-CV, 2003 Tex. App. LEXIS 1635, at *3-*4 (Tex.
App.--Fort Worth Feb. 20, 2003, orig. proceeding) (mem. op.). (3) Smith appealed the disorderly
conduct conviction to a county criminal court in Tarrant County, which affirmed the conviction;
Smith then appealed to the Fort Worth Court of Appeals, which noted that although Smith asserted
twenty-three issues, in large part he did not present argument, authorities, or record references. 
Smith, 2003 Tex. App. LEXIS 2670, at *2-*3. The court of appeals reiterated that it lacked
jurisdiction to consider complaints related to the contempt order and dismissed those issues; the
court of appeals affirmed the trial court's judgments, holding that due to inadequate briefing, Smith
had not preserved error. Id. at *4-*5. The court of appeals, noting that Smith is an attorney in
Colorado, is not indigent, and chose to represent himself, declined to allow Smith to rebrief his case. (4) 
Id. at *4. The court of criminal appeals refused to consider Smith's petition for discretionary review,
dismissing the petition without a published opinion due to "non compliance." (5)

 In October 2003, Smith filed a complaint with the Commission, alleging misconduct
by six judges from the court of criminal appeals, (6) four justices of the court of appeals, the judge of
the county criminal court, the visiting judge assigned to hear Smith's appeal from his disorderly
conduct conviction, and the Fort Worth municipal court judge. The Commission sent Smith notice
that it had received and reviewed his complaints and had determined that "the matters relating to the
decisions and opinions of the [county court] and appellate judges are purely appellate issues, which
are not subject to review or disciplinary action by this Commission," dismissing Smith's complaints
against the county court and appellate judges and informing him that he could seek reconsideration
if he had additional evidence not already considered by the Commission. The Commission also
informed Smith that it was investigating his complaints against the municipal court judge.

 Smith filed a request for reconsideration, asserting that the Commission's
determination that it could not review "purely appellate issues" was erroneous and that his
complaints were not purely appellate matters, but instead alleged breaches of the Code of Judicial
Conduct. The Commission denied Smith's request for reconsideration on grounds that no new
evidence had been presented, stating that the Commission's jurisdiction was limited to review of
allegations of judicial misconduct. After an investigation, the Commission determined that the
municipal judge did not violate the Code of Judicial Conduct and dismissed Smith's complaint.

 Smith appealed to the district court, seeking judicial review of the Commission's
dismissal of his complaints. Smith asserted that the Commission's determinations violated
constitutional or statutory provisions, exceeded the Commission's statutory authority, were made
through unlawful procedures, were erroneous and not supported by substantial evidence, and were
an abuse of discretion. The Commission filed a plea to the jurisdiction, contending that Smith had
no right to judicial review of Commission decisions. After allowing Smith to amend his claims to
allege that he had an "inherent right" to judicial review, the trial court conducted a hearing and
dismissed Smith's suit for want of jurisdiction.

 On appeal, Smith raises seven issues, arguing that the trial court erred in dismissing
his suit after he amended his pleadings to claim inherent jurisdiction; that the trial court's dismissal
was contrary to the facts and law of the case and violated his constitutional rights; and that the trial
court had inherent jurisdiction and jurisdiction under section 2001.171 of the APA. See Tex. Gov't
Code Ann. § 2001.171 (West 2000). Smith also argues that the trial court wrongfully ignored his
arguments and evidence in the form of a reporter's record from an earlier hearing; decided the
jurisdictional issue as a mixed question of fact and law and therefore should have filed findings of
fact and conclusions of law; and erred in signing the final order without allowing Smith "an
opportunity to object to the substance of the order."


Right to review under federal constitution


 Smith argues that refusing him judicial review would violate his federal constitutional
rights to due process and access to the courts. See U.S. Const. amends. I, XIV. (7) The Commission
answers that Smith failed to plead and prove a constitutional basis for jurisdiction.


Due process concerns


 The requirement of procedural due process ensures that no one is deprived of his or
her interests without a fair opportunity to present his or her case. (8) Pickell v. Brooks, 846 S.W.2d
421, 426 (Tex. App.--Austin 1992, writ denied) (quoting Marshall v. Jerrico, Inc., 446 U.S. 238,
242 (1980)). A procedural due-process analysis first asks whether "the government's deprivation
of a personal interest warrants procedural due-process protection." Id. The personal interest at stake
must be either "a so-called 'core' interest," meaning life, liberty, or vested property interests, or an
interest springing from state law or other such independent sources. Id. "Rightly or wrongly, current
procedural due-process analysis protects only what actually belongs to the individual, rather than
recognizing that unfairness exists in the very act of disposing of an individual's situation without
allowing the individual to participate in some meaningful way." Id. Due process does not mandate
judicial review of an administrative decision. S.C. San Antonio, Inc. v. Texas Dep't of Human
Servs., 891 S.W.2d 773, 778 (Tex. App.--Austin 1995, writ denied); Blair v. Texas Dep't of Human
Servs., 837 S.W.2d 670, 671 (Tex. App.--Austin 1992, writ denied).

 Smith has not shown and we cannot discern that his "core interests" are implicated
by the Commission's grievance procedures or by a refusal to allow judicial review of the
Commission's determination of his complaints, nor has he shown any statutorily granted interest that
would raise due process concerns. Therefore, Smith has not shown that the trial court's dismissal
of his suit violated his rights to procedural due process.


Equal protection


 Although Smith asserts that "[n]o similarly situated litigant has had his petition for
judicial review dismissed for alleged 'want of jurisdiction' after being permitted to amend his
petition to allege a claim of inherent jurisdiction," he has not shown that his complaints against
members of the judiciary were treated any differently than similar claims made by other citizens
against other judges or justices. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 939 (Tex.
1998). Further, Smith's claims do not raise equal protection concerns because he argues only that
he has a right to judicial review of his complaint, whereas the Commission's rules, which are applied
to all complainants, do not provide for such review. Because Smith has not shown he was treated
differently than other similarly situated litigants, there is no equal protection violation.


Access to the courts


 Smith argues that the trial court's dismissal of his claim violates his right to access
the courts, citing the right to seek "redress of grievances" from the government. (9) See U.S. Const.
amend. I. However, the denial of a hearing or dismissal of a lawsuit for failure to state a claim does
not amount to a denial of the right to petition for redress. See United States v. Vital Health Prods.,
Ltd., 786 F. Supp. 761, 779 (E.D. Wisc. 1992), aff'd, 985 F.2d 563 (7th Cir. 1993); Stengel v. City
of Columbus, 737 F. Supp. 1457, 1459 (S.D. Ohio 1988) ("Where written communications are
considered by government officials, denial of a hearing does not infringe upon the right to petition."). 
Similarly, Smith's complaint against the various judicial officials was considered and handled
according to Commission procedures. There are no statutory or constitutional grounds for judicial
review, and the trial court's dismissal did not deny Smith the right to seek redress. See Vital Health
Prods., 786 F. Supp. at 779. We overrule Smith's complaints related to the federal constitution.



Right to review under the Texas Constitution


 Smith argues that the trial court's dismissal of his cause violated his state
constitutional rights. The Commission responds that the Texas Constitution does not guarantee the
right to a review hearing on a complaint of judicial misconduct.

 "It is well recognized under Texas law that there is no right to judicial review of an
administrative order unless a statute provides a right or unless the order adversely affects a vested
property right or otherwise violates a constitutional right." Continental Cas. Ins. Co. v. Functional
Restoration Assocs., 19 S.W.3d 393, 397 (Tex. 2000); see also Texas Dep't of Protective &
Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 196-97 (Tex. 2004) (citing Continental
Cas. Ins. and holding that APA grants statutory right to judicial review in contested cases). As we
will discuss in more detail in the next section, no statute provides a right for judicial review from the
Commission's dismissal of a complaint, and therefore, to be entitled to judicial review, Smith must
show that the Commission's decision violated his constitutional rights. (10)

 The Texas Constitution provides that a judge or justice may be removed from office,
disciplined, or censured for violations of rules governing judicial conduct, for incompetence, or for
conduct inconsistent with the proper performance of the judge's duties. Tex. Const. art. V, § 1-a(6)(A). Once a complaint is filed against a judge, the Commission "may recommend . . . the
suspension of [the judge] from office." Id. The Commission is required to "keep itself informed as
fully as may be" of judicial misconduct and to receive complaints or reports and make "preliminary
investigations as it may determine." Id. § 1-a(7). "After such investigation as it deems necessary,
the Commission may in its discretion" issue some form of sanction or institute formal proceedings. 
Id. § 1-a(8). The supreme court is required to provide for procedures before the Commission and
any formal proceedings. (11) Id. § 1-a(11).

 Although Smith argues that he has a right to judicial review under article V, the clear
language of article V provides no such right. Instead, the constitution states that the Commission
shall receive complaints and conduct investigations as it deems necessary. Id. § 1-a(7), (8). In other
words, the Commission has the discretion to determine whether sanctions or formal proceedings are
warranted, id. § 1-a(8), and the constitution does not mandate review of the Commission's exercise
of its discretion. Therefore, the Texas Constitution does not provide Smith a right to a hearing or
judicial review. We overrule Smith's complaints related to the Texas Constitution.


Statutory right to judicial review


 Smith next argues that the trial court had jurisdiction to hear his claims under section
2001.171 of the APA. The Commission asserts that the trial court properly dismissed the suit
because Smith failed to plead and prove a statutory basis for jurisdiction, the government code and
the Commission's rules do not establish a right to a hearing, and the APA does not apply to
Commission proceedings.

 Chapter 33 of the government code governs the Commission and its investigation of
complaints against members of the judiciary. See Tex. Gov't Code Ann. §§ 33.001-.051 (West
2004). Section 33.006 provides "absolute and unqualified" immunity from liability for acts by the
commission, its members and employees, or its executive director committed within the scope of
official duties. Id. § 33.006. Section 33.022 provides that the Commission may conduct a
preliminary investigation of a complaint to determine whether the complaint is unfounded or
frivolous. Id. § 33.022(a). If the complaint warrants further investigation, the Commission shall
conduct a full investigation and notify the judge of the nature of the complaint and that an
investigation is underway. Id. § 33.022(c). Once a complaint is disposed of, the Commission is to
promptly notify the complainant of the outcome, whether the complaint is dismissed, formal
proceedings are instituted, or a private or public sanction is issued. Id. § 33.033(a), (b). A judge
who is sanctioned by the Commission is entitled to de novo review of the Commission's decision
by a special court of review made up of three court of appeals justices appointed by the chief justice
of the supreme court. Id. § 33.034(a)-(e). The "court's decision under this section is not
appealable." Id. § 33.034(i). If after initial review the Commission determines that a complaint is
unfounded or frivolous, the Commission shall terminate the investigation. Id. § 33.022(b). After
a complaint is dismissed, the complainant has one opportunity to seek reconsideration by providing
additional evidence of misconduct. Id. § 33.035(a), (f). If the complainant does not provide
additional evidence, the Commission "shall deny a request for reconsideration." Id. § 33.035(b)

 Smith argues that he is entitled to judicial review under section 2001.171 of the APA. 
Section 2001.171 provides that a "person who has exhausted all administrative remedies available
within a state agency and who is aggrieved by a final decision in a contested case is entitled to
judicial review under this chapter." Id. § 2001.171. The supreme court recently ruled that this
section provides an independent right to judicial review "when an agency enabling statute neither
specifically authorizes nor prohibits judicial review." Mega Child Care, 145 S.W.3d at 196-97. 
However, the section 2001.171 right to judicial review applies only to persons "aggrieved by a final
decision in a contested case." Tex. Gov't Code Ann. § 2001.171. Chapter 33 does not provide for
a contested case hearing under the APA and never refers to the APA or the State Office of
Administrative Hearings. Thus, Commission proceedings are not subject to the APA and are not
"contested cases" giving rise to a right to judicial review, and section 2001.171 does not apply to
give Smith a right to judicial review. We overrule Smith's contention that he has a right to judicial
review under the APA.


Procedural complaints


 Finally, we consider Smith's complaints related to the trial court's procedural
handling of the case. Smith complains that the trial court should not have signed the final order
without allowing Smith to object to the substance of the order. However, we note that Smith, in
opposing the dismissal, was able to air his objections to the substance of the order at the hearing. 
Further, Smith signed the order, showing he agreed in form only, and presumably it was clear that
Smith disagreed with the substance of the dismissal order. Smith does not suggest what more he
should have been allowed to do in opposing the substance of the order or how he was harmed by the
trial court's signing of the order after the hearing and after Smith agreed to the form of the order. 
The trial court did not err in signing the order when it did.

 Smith also argues that the trial court ignored his arguments and evidence and erred
in not issuing findings of fact and conclusions of law when requested by Smith. When appropriate
and necessary to decide a jurisdictional issue, a trial court may consider evidence. Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). However, the jurisdictional issue is sometimes a
purely legal consideration, based solely on the pleadings and claims raised. See Lusk v. Service
Lloyds Ins. Co., 922 S.W.2d 647, 649 (Tex. App.--Austin 1996, writ denied). In this case, although
the trial court heard argument and admitted the record from the earlier hearing, the jurisdictional
issue is not reliant on evidence or specific facts. Instead, the issue of whether Smith has a statutory
or constitutional right to judicial review of his misconduct complaint is purely legal and can be
decided without reference to evidence. Therefore, findings of facts and conclusions of law are
inappropriate in this case. See id. Furthermore, other than to state that the trial court ignored his
arguments and evidence, Smith has not explained what relevant evidence was contained in the record
and ignored by the trial court. The fact that the trial court ruled against Smith does not mean that
it "ignored" his arguments. Smith has not shown any error in the trial court's method of determining
the jurisdictional issue. We overrule Smith's procedural complaints.


Conclusion


 We have overruled Smith's various issues on appeal. We therefore affirm the trial
court's order dismissing the suit.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: December 8, 2005

1. See Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2000 & Supp. 2005).
2. We take much of the early history of this case from opinions by the Second Court of
Appeals. See Smith v. State, No. 02-03-007-CR, 2003 Tex. App. LEXIS 2670 (Tex. App.--Fort
Worth Mar. 27, 2003, pet. dism'd) (not designated for publication); see also In re Smith, No. 02-02-277-CV, 2003 Tex. App. LEXIS 1635 (Tex. App.--Fort Worth Feb. 20, 2003, orig. proceeding)
(mem. op.) (dismissing Smith's appeal from order of contempt for want of jurisdiction).
3. After the court of appeals dismissed Smith's petition for writ of mandamus, Smith sought
discretionary review in the court of criminal appeals, which dismissed the request on May 21, 2003.
4. The court of appeals denied Smith's motion for rehearing on May 1, 2003. 
5. Smith's petition for discretionary review alleged that the court of appeals, in its opinion
affirming his conviction, made "a false and defamatory charge designed to cover up the panel's true
reason or motive for affirming the trial court's judgments." Smith alleged that the court had engaged
in a pattern or practice to deprive Smith of his constitutional rights, "as well as a pattern or practice
of judicial misconduct." In its disposition of Smith's petition for review, the court of criminal
appeals stated that Smith "inappropriately accuse[d] the Court of Appeals of a pattern of judicial
misconduct in overruling [Smith's] legal claims and improperly label[ed] the court's ruling
concerning [Smith's] failure to follow appellate rules as 'false and defamatory.'" The court said that
it "does not condone the filing of such pleadings and will not consider the merits of these pleadings,"
striking Smith's petitions for discretionary review with prejudice.
6. Two judges dissented from the dismissal of Smith's pleadings, and one judge did not
participate. Smith did not name those judges in his complaint of misconduct.
7. The first amendment provides citizens the right to petition the government for a redress of
grievances. U.S. Const. amend. I. The fourteenth amendment provides that the government shall
not deny a person of life, liberty, or property without due process, nor shall it deny a person equal
protection under the law. Id. amend. XIV.
8. Due process may also encompass substantive concerns, see Chandler v. Jorge A. Gutierrez,
P.C., 906 S.W.2d 195, 202 (Tex. App.--Austin 1995, writ denied), but Smith does not raise this
issue.
9. Smith does not reference the open courts provision of the Texas Constitution, which
provides that "[a]ll courts shall be open." Tex. Const. art. I, § 13.
10. Smith does not argue that the Commission's decision affected a vested property right.
11. The Commission's procedural rules, promulgated by the supreme court pursuant to article
V, section 1-a(11) of the Texas Constitution, largely mirror the statutory provisions set out in chapter
33 of the government code. Tex. R. Rem'l/Ret. Judg. 1-18 (West 2005). The Commission's rules
do not provide any right to rehearing or review of a decision to dismiss a complaint.