William CRIST, Appellant,

v.

COMMISSION ON PRESIDENTIAL DEBATES and Janet Braun, Director of the Commission on Presidential Debates, Appellee.

Docket No. 01–6015.

United States Court of Appeals, Second Circuit.

Argued Aug. 8, 2001.

Decided Aug. 21, 2001.

William Crist, pro se, Larchmont, NY, for appellant.

Stacey L. McGraw, Ross, Dixon & Bell, LLP, Washington, DC (Cathy A. Simon on the brief) for appellees.

Before: MINER, JACOBS, and CALABRESI, Circuit Judges.

PER CURIAM:

William Crist appeals from the judgment of the United States District Court for the Southern District of New York (Brieant, *J.*) dismissing his action against the Commission on Presidential Debates ("CPD") and its director. He challenges the CPD's policy of limiting participation in the United States presidential debates it sponsors to candidates who have demonstrated a particular measure of popularity, alleging that the policy violates Crist's right as a voter to free speech under the First Amendment because (as the district court has characterized his claim), "he cannot hear the third party candidates who may have much to contribute to an otherwise banal discussion." *Crist v. Braun*, 00 Civ. 7186(CLB) (S.D.N.Y. Jan 23, 2001).

The CPD is a private, non-profit corporation formed by the Democratic and Republican parties for the purpose of sponsoring presidential debates. *See Buchanan v. Federal Election Comm'n*, 112 F.Supp.2d 58, 61 (D.D.C.2000). During the 2000 presidential election, the CPD sponsored three presidential debates. In selecting the candidates invited to participate, the CPD uses a variety of criteria, including evidence of national support, as estimated by opinion polling. *See id.*

The district court dismissed Crist's action on the grounds (a) that his "asserted injury as a voter ... is too abstract and attenuated to meet the standing requirements," and (b) that, "even if [the] plaintiff had standing to assert a claim, he fails to establish that defendants are state actors

subject to the prohibitions of the Constitution." *Crist*, 00 Civ. 7186(CLB).

## DISCUSSION

 The United State Constitution requires that anyone seeking to invoke federal jurisdiction over his complaint have standing to do so. "The Constitution confines the judicial power of the federal courts to deciding cases or controversies." *Fulani v. Bentsen*, 35 F.3d 49, 51 (2d Cir.1994) (citing U.S. Const. art. III, § 2, cl. 1). "[T]he 'case or controversy' requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded." *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). This requirement is "founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (citations omitted).

All of the doctrines that cluster about Article III—not only standing but mootness, ripeness, political question, and the like—relate in part, and in different though overlapping ways, to an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government.... The Art. III doctrine that requires a litigant to have 'standing' to invoke the power of a federal court is perhaps the most important of these doctrines. In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising

another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.

*Allen,* 468 U.S. at 750–51, 104 S.Ct. 3315 (internal citations and quotation marks omitted).

■■■ "To have standing, a plaintiff must '[1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief.'" *Fulani,* 35 F.3d at 51–52 (quoting *Allen,* 468 U.S. at 751, 104 S.Ct. 3315). The district court held that Crist did not allege a constitutionally sufficient injury.

Several other Circuit Courts have also concluded that a voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate. Thus, in *Becker v. Federal Election Commission,* 230 F.3d 381, 389–390 (1st Cir.2000), the First Circuit held that Ralph Nader supporters lacked standing to challenge the CPD's exclusion of their candidate:

> [T]he harm done to the general public by [the] corruption of the political process [alleged by the Nader supporters] is not a sufficiently *concrete, personalized injury* to establish standing.... [The Nader supporters'] concern for corruption of the political process is not only widely shared, but is also of an abstract and indefinite nature, comparable to the common concern for obedience to law.

*Id.* (emphasis added; internal citation and quotation marks omitted). And in *Gottlieb v. Federal Election Commission,* 143 F.3d 618 (D.C.Cir.1998), the district court found that a voter had not suffered a concrete and personalized injury, and therefore had no standing to challenge the dismissal of an administrative action against a presidential candidate alleging illegal use of campaign funds. *Cf. Buckley v. Valeo,* 424 U.S. 1, 94, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) ("denial of public financing to some Presidential candidates is not restrictive of voters' rights"); *Buchanan,* 112 F.Supp.2d at 65 (granting standing to presidential candidate, noting: "Precluding candidates from challenging the CPD's debate rules under the [Federal Election Campaign Act] would leave few others to do so.").

\* \* \*

We agree with the district court and our sister Circuit Courts, and we therefore affirm the dismissal of Crist's action for lack of standing.