17-2198-cv
Liu v. Ryan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand eighteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges*,
PAUL G. GARDEPHE,
*District Judge*.*

_____

LEWIS Y. LIU,

*Plaintiff-Appellant*,

v.                                                              No. 17-2198-cv

PAUL RYAN, NANCY PELOSI, MITCH MCCONNELL, CHARLES E. SCHUMER,

*Defendants-Appellees*.

_____

APPEARING FOR APPELLANT:        LEWIS Y. LIU, *pro se*, New York, New York.

_____

* Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEES:   STEPHEN CHA-KIM, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Lewis Y. Liu, proceeding *pro se*, appeals from the dismissal of his complaint against defendants Paul Ryan, Nancy Pelosi, Mitch McConnell, and Charles E. Schumer, which claims that the Electoral College violates the Fourteenth Amendment right to equal protection by giving disproportionate weight to votes cast in presidential elections depending on the population of the states where the votes are cast.[1]  Specifically, Liu alleges that his vote, cast in New York during the 2016 presidential election, received less weight than votes cast in less populous states.  He, therefore, seeks a judgment declaring the Electoral College unconstitutional and an order compelling Congress to take legislative action to dismantle it.  Insofar as the district court dismissed Liu's claim for lack of standing, we review that dismissal *de novo*.  *See Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014).  In doing so, we assume the parties' familiarity

---

[1] Liu also argues that the Electoral College violates the Constitution's Article IV and its First and Fifth Amendments, as well as the Voting Rights Act of 1965.  Because Liu raises these arguments for the first time on appeal, we do not consider them.  *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

To establish constitutional standing, a plaintiff must show (1) that he suffered an injury in fact, (2) that is causally connected to the challenged conduct, and (3) that is likely to be redressed by a favorable decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury in fact must be "concrete and particularized," meaning that it affects the plaintiff in a personal and individual way and is "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. at 1548 (internal quotation marks omitted). A voter "fails to present an injury in fact when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate" or other actor. *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001). Here, Liu admits that his alleged injury is widely shared by the vast majority of Americans, and that injury is derivative because the Constitution grants states, not individuals, the right to select presidential electors, such that any harm arising from the disproportionality of the Electoral College belongs, in the first instance, to the states. *See* U.S. Const. art. II, § 1; *id.* amend. XII; *see also Bush v. Gore*, 531 U.S. 98, 104 (2000).

Liu also has failed to demonstrate that it is "likely, as opposed to merely speculative," that the alleged injury will be redressed by a favorable judicial decision. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (quoting *Lujan*, 504 U.S. at 561); *see E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 450 (2d Cir. 2014) (requiring

3

"substantial likelihood" of redressability (internal quotation marks omitted)); *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 103 (2d Cir. 2011) (observing that test is whether judicial intervention is likely to rectify injury, not whether plaintiff has other, non-legal remedies at his disposal).   That is because constitutional provisions create the Electoral College, *see* U.S. Const. art. II, § 1; *id.* amend. XII, and the power to repeal or amend constitutional provisions has been delegated to Congress and the states, not the courts, *see id.* art. V. Even if a court could order defendants, the leaders of Congress, to propose a constitutional amendment—which we very much doubt, *see id.* art. I, § 1 (vesting "[a]ll legislative Powers" in Congress); *id.* art. V (setting forth procedures for Congress and states to amend Constitution); *see also* 1 Annals of Cong. 604 (1789) (reporting Madison's statement in first Congress that "if there is a principle in our constitution, indeed in any free constitution, more sacred than another, it is that which separates the legislative, executive, and judicial powers")—the likely outcome of a vote on such a proposal is entirely speculative, *see* U.S. Const. art. V (requiring assent of two-thirds of members of each House).

For much the same reason that Liu cannot satisfy the redressability requirement of standing, he fails in any event to state a claim for which relief can be granted.   *See* Fed. R. Civ. P. 12(b)(6); *see also Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006) (explaining appellate court may affirm district court on any basis for which there is sufficient support in record).   The Electoral College generally, and its population-proportionate representation in particular, are mandated by the Constitution itself.   *See* U.S. Const. art. II, § 1, cl. 2 (setting number of each state's presidential electors as equal

to number of Senators and Representatives to which it is entitled in Congress); *Gray v. Sanders*, 372 U.S. 368, 378 (1963) (explaining that "specific historical concerns" validated inclusion of Electoral College in Constitution "despite its inherent numerical inequality").

Accordingly, these constitutional requirements cannot be declared unconstitutional by this court.

We have considered Liu's remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court