Tafuto v. Donald J. Trump for President

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty.

PRESENT:

> **ROBERT D. SACK,**
> **ROBERT A. KATZMANN,**
> **RICHARD C. WESLEY,**
> *Circuit Judges.*

_____

**Louis Tafuto,**

> *Plaintiff-Appellant*,

> **v.**                                                                                    **19-2211**

**Donald J. Trump for President Inc., Republican National Committee, RNC, Reinhold Richard Priebus, AKA Reince Priebus, Donald John Trump, Kellyanne Conway, Michael Richard Pence,**

> *Defendants-Appellees,*

**Michael Richard Pence,**

> *Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Louis Tafuto, pro se, Warwick, NY.

**FOR DEFENDANTS-APPELLEES:**     Lawrence S. Rosen, Patrick McPartland, Jared E. Blumetti, LaRocca Hornik Rosen & Greenberg LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Louis Tafuto, pro se, sues Donald J. Trump for President, Inc., Donald Trump, Reinhold Richard ("Reince") Priebus, the Republican National Committee, Michael Pence, and Kellyanne Conway under 42 U.S.C. §§ 1983 and 1985 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of the First, Fifth, and Fourteenth Amendments and the New York Fair Campaign Code. He alleges that the defendants engaged in a "digital gerrymandering" campaign to "dilute" anti-Trump votes by knowingly spreading Russian-backed disinformation in Democratic strongholds and swing states during the 2016 presidential election.

The district court dismissed the suit for lack of standing, ruling that Tafuto's injury was too generalized and that he had not established causation between the Trump campaign's alleged actions and the election result. The district court then denied Tafuto's Federal Rule of Civil Procedure 59(e) motion for reconsideration. This appeal followed.

We review the district court's dismissal of a complaint for lack of standing *de novo*. *Cortlandt St. Recovery Corp. v. Hellas Telecomms. S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). At the pleading stage, we "accept as true all material allegations of the complaint, and construe the

complaint in favor of the complaining party." *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988).[1]

We review the denial of a Rule 59(e) motion for abuse of discretion.[2] *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

To establish standing, a plaintiff must demonstrate, first, an injury in fact—"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; second, "a causal connection between the injury and the conduct [he] complain[s] of"; and third, that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

After careful review of the briefs and record on appeal, we find that the district court properly held that Tafuto does not assert an injury in fact that is concrete and particularized. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). In contrast, "when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975);

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

[2] Tafuto's notice of appeal refers only to the denial of his Rule 59(e) motion. However, we construe pro se notices of appeal "liberally, taking the parties' intentions into account." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). Because Tafuto's brief on appeal addresses both the dismissal order and the denial of the Rule 59(e) motion, and because his notice of appeal is timely as to both, *see* Fed. R. App. P. 4(a)(4)(iv); Fed. R. Civ. P. 59(e), we evaluate each of these decisions.

*see also Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001) ("[A] voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared . . . ."). Here, Tafuto asserts that defendants' digital gerrymandering campaign diluted anti-Trump votes and resulted in his vote "not carry[ing] equal weight to that of other citizens voting in the same election." But these allegations assert an injury that was generalized and widely shared by millions of voters. The district court therefore did not err in determining that Tafuto did not suffer a cognizable injury-in-fact.

Tafuto further argues that *Gill v. Whitford*, 138 S. Ct. 1916 (2018), supports his argument that he properly alleged standing. But *Gill* is inapposite. *Gill* held that partisan gerrymandering can constitute a cognizable injury for standing purposes when the plaintiff lives in a gerrymandered legislative district, but the Court specifically declined to extend its holding beyond the legislative district level, reasoning that the dilution of plaintiffs' votes was "district specific" and that "[a] plaintiff who complains of gerrymandering, but who does not live in a gerrymandered district, asserts only a generalized grievance against governmental conduct of which he or she does not approve." *Id.* at 1930. *Gill*, therefore, does not support Tafuto's assertion of a concrete and particularized injury.

As to causation, we also hold that the district court properly concluded that Tafuto does not allege an injury that is fairly traceable to the defendants' challenged conduct. *Lujan*, 504 U.S. at 560. Tafuto asserts that Trump's 2016 campaign insiders have effectively admitted in media interviews that the strategies that Tafuto here challenges resulted in Trump's victory. But the district court correctly cited *Davis v. Garcia,* No. 07-cv-9897 (CLB), 2008 WL 2229811 (S.D.N.Y.

4

May 27, 2008), to find that Tafuto does not allege sufficient non-conclusory facts to establish causation. In *Davis*, an African American incumbent candidate who had lost reelection claimed that the defendants, county and federal officials and agencies, diluted the votes of minority voters by conducting a "widely publicized, racially motivated" raid of two city administrative offices shortly before the election. *Id.* at *3. The court rejected the voter dilution argument, reasoning that "[t]he endless number of diverse factors potentially contributing to the outcome of elections forecloses any reliable conclusion that voter support of a candidate is fairly traceable to any particular event," and that it "would have to accept a number of very speculative inferences and assumptions" to find causation between the defendants' conduct and the plaintiff's election loss. *Id.* at *5. Here, the district court properly relied on *Davis* for the truism that numerous factors can influence election outcomes—factors that undercut Tafuto's causation argument.

We further hold that the district court did not abuse its discretion in denying Tafuto's Rule 59(e) motion. For substantially the same reasons as above, Tafuto cannot demonstrate that the district court overlooked controlling decisions or facts. We have also reviewed the remainder of Tafuto's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5