Jan S. PRESTOPNIK, Plaintiff–Appellant,

v.

John WHELAN, both individually and as Superintendent of the Greater Johnstown School District, James Hillier, both Individually and as President of the Greater Johnstown School District and Greater Johnstown School District, Defendants–Appellees.

No. 03–7314.

United States Court of Appeals, Second Circuit.

Dec. 8, 2003.

Elmer Robert Keach, III, Albany, NY, for Appellant.

Patrick J. Fitzgerald, Girvin & Ferlazzo, P.C., Albany, NY, for Appellee.

Present: Hon. ELLSWORTH VAN GRAAFEILAND, SACK, and John R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of the district court dated March 26, 2003 and May 14, 2003 be, and they hereby are, affirmed.

The plaintiff-appellant Jan S. Prestopnik, a former school teacher in the Johnstown, NY, public schools, appeals from the grant of the defendants' motion to dismiss and motion for summary judgment by the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) on plaintiff's claims that the defendants violated her First Amendment rights to free speech and to petition the government for redress of her grievances. We agree with the district court's rulings for substantially the reasons articulated by that court.

■  The plaintiff claims that she is entitled to damages because, during the public-comment portion of a school board meeting on July 9, 2002, the defendants violated her First Amendment rights by preventing her attorney from speaking on

* Of the United States Court of Appeals for the  Eighth Circuit, sitting by designation.

her behalf about her failure to be granted tenure. As the plaintiff concedes, however, there is no authority for the proposition that a person has a First Amendment right to speak at a public forum through another person, whether or not that other person is a member of the bar.

 Seeking injunctive relief, the plaintiff also asserts a First Amendment right personally to address the tenure issue during the public-comment portion of school board meetings, which, she asserts, are "limited public forums." *See Hotel Employees & Rest. Employees Union, Local 100 v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 544–46 (2d Cir. 2002). This claim is also without merit. The school-board policy in effect since late 2002 explicitly excludes speech about specific personnel decisions, which presumably would include the decision to deny the appellant tenure, from the that portion of the meetings. The First Amendment generally permits the government to exclude a topic from discussion in such a limited public forum, *see Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983), provided that exclusion is viewpoint neutral and reasonable. *Hotel Employees*, 311 F.3d at 545. The plaintiff has not adduced evidence sufficient to support her claim that the polices adopted by the school board either were not viewpoint neutral or were unreasonable.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.