SUMMARY ORDER
Plaintiff-Appellant Lieutenant Lorraine Wetzel appeals from the grant of a motion to dismiss in favor of Defendants-Appel-lees the Town of Orangetown, its Chief of Police, Kevin Nulty, and its Town Supervisor, Thom Kleiner, (“Defendants”) by the United States District Court for the Southern District of New York (Robinson, J.). Plaintiff seeks a declaration under 42 U.S.C. § 1983 stating that Plaintiff, individually and through her attorney, is authorized to communicate to her local government regarding governmental action and matters of public and private concern pursuant to her First Amendment rights to free speech and to petition government for the redress of grievances. She also seeks a declaration pursuant to the New York State Constitution stating that Plaintiff, through her attorney, has the right to petition her local government. We assume the parties’ familiarity with the facts, the *476 procedural history, and the issues on appeal.
In this appeal, Plaintiff primarily contests the district court’s dismissal of her complaint for lack of standing based on her failure to allege an injury in fact. Specifically, Plaintiff alleges that she has been injured by a chilling effect and prior restraint placed upon her attorney, who was told by Defendants’ attorney that Defendants’ attorney would file a professional ethics complaint against Plaintiff’s attorney if he tried to contact the town officials directly. Plaintiff also alleges that she herself was denied the ability to petition the Town Board directly for redress of her grievances. This Court reviews de novo a district court’s dismissal of a complaint for lack of standing, “accepting as true all material allegations in the complaint and construing the complaint in favor of the complaining party.” Fuentes v. Board of Educ. of City of New York, 540 F.3d 145, 148 (2d Cir.2008) (citing Connecticut v. Physicians Health Servs. of Conn., Inc., 287 F.3d 110, 114 (2d. Cir.2002)).
“The irreducible constitutional minimum of standing contains three elements: (1) there must be an injury in fact, — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent,^ not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.” Port Wash. Teachers’ Ass’n v. Bd. of Educ., 478 F.3d 494, 498 (2d Cir.2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) (internal quotation marks and alteration omitted). As to the injury in fact element, “[ajbstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both real and immediate not conjectural or hypothetical.” Bordell v. General Elec. Co., 922 F.2d 1057, 1060 (2d Cir.1991) (internal quotation marks and citation omitted). “While the fact that a plaintiff’s speech has actually been chilled can establish an injury in fact, allegations of a subjective ‘chill’ are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.” Id. at 1060-61 (internal quotation marks, alteration, and citation omitted).
With respect to Plaintiff’s claim that her attorney has been threatened with disciplinary proceedings if he attempts to speak to Town officials on her behalf, the district court correctly concluded that Plaintiff lacks standing because that claim does not allege that Plaintiff has suffered constitutional injury. Any injury resulting from that threat is injury to the attorney, not injury to Plaintiff within the scope of the First Amendment, see, e.g., Prestopnik v. Whelan, 253 F.Supp.2d 369 (N.D.N.Y.), aff'd, 83 Fed.Appx. 363 (2d Cir.2003), as “there is no authority for the proposition that a person has a First Amendment right to speak at a public forum through another person, whether or not that other person is a member of the bar.” 83 Fed. Appx. at 365.
With respect to the claim that Plaintiff herself has been prevented from speaking to Town officials, Plaintiff has standing, but we affirm the dismissal because the complaint, including the documents attached to it, see Fed.R.Civ.P. 10(c), fails to state a claim on which relief can be granted under the First Amendment. To be protected by the First Amendment, the speech of a government employee must, inter alia, “be on a matter of public concern.” Waters v. Churchill, *477 511 U.S. 661, 668, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994). The public concern requirement is not satisfied “when a public employee speaks ... as an employee upon matters only of personal interest.” Connick v. Myers, 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Here, the complaint shows that Plaintiff has not been prohibited from speaking on matters of public concern. The subjects on which Plaintiff contends that she has been prevented from speaking are (1) employment discrimination in general, (2) police department hiring based on considerations other than merit, and (3) the current disciplinary proceedings against her. Only the first two are matters of public concern, and the complaint reveals that the Chief of Police has stated that Plaintiff may speak to the Town officials on those matters. Although the Chief of Police has stated that Plaintiff is prohibited from addressing the Town officials on the matter of the disciplinary proceedings against her, those proceedings are a matter of personal interest, not a matter of public concern. See, e.g., Ezekwo v. New York City Health & Hospitals Corp., 940 F.2d 775, 781 (2d Cir.1991) (where the complaints of the plaintiff resident-physician “were personal in nature and generally related to her own situation within the [defendant’s hospital] residency program” her statements “did not address matters of public concern” and therefore were not protected by the First Amendment). Accordingly, the allegation that Plaintiff is prevented from speaking to Town officials on the subject of the disciplinary proceedings against her does not state a claim under the First Amendment.
Finally, Plaintiff briefly argues that the district court should exercise supplemental jurisdiction over her claim under the New York State Constitution. This Court reviews a district court’s decision to decline supplemental jurisdiction over pendent state law claims for abuse of discretion. See Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir.1994). We have stated that “in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.” Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir.2003) (citation and internal quotation marks). Accordingly, we find that the district court did not abuse its discretion in declining to adjudicate Plaintiffs state law claim following its dismissal of Plaintiffs federal law claim.
For the reasons stated herein, we AFFIRM the judgment of the district court.