*Cipolla-Dennis v. County of Tompkins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-two.

Present:
>DEBRA ANN LIVINGSTON,
>*Chief Judge*,
>GERARD E. LYNCH,
>RAYMOND J. LOHIER, JR.,
>*Circuit Judges*.

_____

JOANNE CIPOLLA-DENNIS,

>*Plaintiff-Appellant*,

>v.                                                                 21-712

COUNTY OF TOMPKINS, individually and as Members of the Legislature, MICHAEL LANE, individually and as Members of the Legislature, RICH JOHN, individually and as Members of the Legislature, MARTHA ROBERTSON, individually and as Members of the Legislature, JAMES DENNIS, individually and as Members of the Legislature,

>*Defendants-Appellees*,

PETER STEIN, individually and as Members of the Legislature,

>*Defendant*.

1

For Plaintiff-Appellant: EDWARD E. KOPKO, Edward E. Kopko, Lawyer, P.C., Ithaca, NY.

For Defendants-Appellees: JONATHAN WOOD, Tompkins County Attorney, Ithaca, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Joanne Cipolla-Dennis ("Cipolla-Dennis") appeals from a decision and order of the district court, granting summary judgment in favor of Defendants-Appellees County of Tompkins, Michael Lane, Rich John, Martha Robertson, and James Dennis ("Defendants-Appellees"). Cipolla-Dennis is a member of the Tompkins County community and regularly attends meetings of the Tompkins County Legislature (the "Legislature"), in which time is set aside for members of the public to provide comments. Special App'x 2, 4. The Legislature requires meeting attendees to sign a printed blue card before speaking. As relevant here, this blue card outlines the Legislature's policy prohibiting the discussion of County personnel matters, other than comments regarding elected officials, during public comment periods (hereinafter, the "personnel policy"). Special App'x 3–4.[1] On May 18, 2017, Cipolla-Dennis attempted to speak at a meeting of the Legislature's Public Safety Committee without filling out a blue card,

---

[1] The blue card requires that speakers "agree not to speak about County personnel matters. Personnel matters include comments about the job performance of named County employees, other than elected officials." Special App'x 3. It then explains that "[p]ersonnel matters should be directed to the relevant Department and/or Supervisor or in the case of a Department Head to the County Administrator except for the County Administrator, County Attorney, Finance Director, and Clerk of the Legislature, which should be directed to the Chair of the Legislature." *Id.*

resulting in the adjournment of the meeting, before Cipolla-Dennis had an opportunity to share her entire comment. Special App'x 6. Cipolla-Dennis subsequently brought suit under 42 U.S.C. § 1983, asserting claims against Defendants-Appellees for alleged violations of her First Amendment rights, as well as a related conspiracy to violate her First Amendment rights. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

We analyze speech restrictions imposed by the government on property that it owns according to a forum-based approach. *See Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 341 (2d Cir. 2010) (per curiam) ("[T]he initial task of a court faced with a dispute regarding First Amendment activity on government property is to define the nature of the property at issue."). Here, the parties agree that Legislature meetings constitute a limited public forum, where the "government [has] open[ed] a nonpublic forum but limits the expressive activity to certain kinds of speakers or to the discussion of certain subjects." *Travis v. Owego-Apalachin Sch. Dist.*, 927 F.2d 688, 692 (2d Cir. 1991); *see also Anello v. Anderson*, 191 F. Supp. 3d 262, 273 (W.D.N.Y. 2016) (holding that a city council meeting was a limited public forum where the city "invited public discourse on two limited subjects—agenda items and the good of the community").

3

Restrictions on speech in a limited public forum must be viewpoint neutral and reasonable in light of the forum's nature and purpose. *See Pleasant Grove City v. Summum*, 555 U.S. 460, 470 (2009); *see also Hotel Emps. & Rest. Emps. Union, Loc. 100 v. City of N.Y. Dep't of Parks & Rec.*, 311 F.3d 534, 554 (2d Cir. 2002) ("[I]n examining the compatibility between the prohibited speech and the particular forum, we ask whether the restrictions on speech are reasonably related to maintaining the environment that the government has deliberately created." (internal quotation marks omitted)).

On appeal, Cipolla-Dennis principally argues that the blue card rule prohibiting discussion of personnel matters is not viewpoint neutral because it discriminates based on content and regulates speech according to the message that it conveys.[2] We disagree. To determine if a restriction rises to the level of viewpoint discrimination, we consider "whether—within the relevant subject category—the government has singled out a subset of messages for disfavor based on the views expressed." *Matal v. Tam*, 137 S. Ct. 1744, 1766 (2017) (Kennedy, *J.*, concurring in part and concurring in the judgment). Here, within the subject of personnel matters, the personnel policy does not single out any subset of views for exclusion. Rather, the personnel policy defines the subject neutrally, to include any messages or comments "about the job performance of named County employees, other than elected officials," Special App'x 3, with no distinction based on whether the speech is laudatory or critical. *Cf. Baca v. Moreno Valley*

---

[2] Cipolla-Dennis does not meaningfully argue on appeal that the personnel policy was not reasonable. In any event, we have repeatedly upheld restrictions on speech that fall outside of a limited public forum's purpose as reasonable under the First Amendment. *See, e.g.*, *Prestopnik v. Whelan*, 83 F. App'x 363, 365 (2d Cir. 2003) (upholding a school-board policy that excluded speech about specific personnel decisions from a portion of the school board meeting). We accordingly conclude that the personnel policy is reasonably related to the Legislature's legitimate interest in confining matters that are addressed during public comment periods to matters that are within the purview of the Legislature.

*Unified Sch. Dist.*, 936 F. Supp. 719, 730 (C.D. Cal. 1996) ("It is difficult to imagine a more [viewpoint-discriminatory] prohibition on speech than this policy, which allows expression of two points of view (laudatory and neutral) while prohibiting a different point of view (negatively critical) on a particular subject matter (District employees' conduct or performance).").

Cipolla-Dennis argues further that, even if the personnel policy is viewpoint neutral on its face, it is viewpoint discriminatory as applied, because the Legislature selectively enforces the policy and has previously allowed laudatory comments about County employees, as well as the discussion of an employee's wrongful termination lawsuit. We have held that, after a government entity "'allows expressive activities of a certain genre, it may not selectively deny access for other activities of that genre.'" *Hotel Emps.*, 311 F.3d at 546 (quoting *Travis*, 927 F.2d at 692). Cipolla-Dennis's selective enforcement argument, however, is misplaced. The record suggests that the Legislature prevented her from speaking not because they knew that she wished to discuss personnel matters but because she refused to sign in. The transcript of the May 18 meeting indicates that a member of the Legislature told Cipolla-Dennis, as soon as she began to speak, that she "need[ed] to fill out the blue card." Joint App'x 199. Cipolla-Dennis responded, "I'm not going to sign in . . . because I do not have to." Joint App'x 200. There is no evidence, moreover, that the sign-in requirement is not uniformly enforced. Based on the record here, no reasonable jury could conclude that Cipolla-Dennis was prevented from speaking for refusing to comply with the personnel policy. This is sufficient to defeat her as-applied challenge.

\*     \*     \*

5

We have considered Cipolla-Dennis's remaining arguments and find them to be without

merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
